IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHERRY WEISHEIT, | * | |
| Plaintiff | * | |
| v. | * | |
| ROSENBERG & ASSOCIATES, LLC, | * | CIVIL NO. JKB-17-0823 |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM

Sherry Weisheit filed this case on behalf of herself and similarly situated individuals against Rosenberg & Associates, LLC ("Rosenberg") and Bayview Loan Servicing, LCC ("Bayview"). (2nd Am. Compl., ECF No. 59.) This Court granted Bayview's motion for summary judgment and only one claim remains pending against Rosenberg. (M.S.J. Order, ECF No. 109.) Rosenberg filed a motion for summary judgment (ECF No. 114) and the matter is fully briefed. No hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, this Court will grant Rosenberg's motion for summary judgment.

### I. *Factual and Procedural Background*

The procedural history and facts are set forth in the Court's prior Memorandum Opinion (ECF No. 108) and are incorporated by reference and repeated as necessary to provide context and to resolve the pending motion.

Weisheit has pleaded three causes of action alleging violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, the regulations promulgated thereunder, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* She asserts in Count I that Bayview improperly scheduled a foreclosure sale while her loss mitigation

1

application was pending, did not respond within thirty days of her appeal of Bayview's denial of her loan modification application, and did not state in the denial the specific reasons for its decision. (2nd Am. Compl. ¶¶ 54–77.) In Count II, Weisheit alleges Rosenberg and Bayview violated the FDCPA by scheduling and advertising the foreclosure sale when they were prohibited from doing so under RESPA, which also constituted a materially unfair or deceptive practice under the FDCPA. (*Id.* ¶¶ 78–84.) In Count III, Weisheit alleges Bayview failed to acknowledge receipt of a Notice of Error within five days of receipt and failed to correct the errors in the Notice of Error within thirty days of receipt. (*Id.* ¶¶ 85–93.)

This Court granted Bayview's motion for summary judgment on Counts I, II, and III. (M.S.J. Order at 1.) With respect to Counts I and III, this Court found that Bayview did not conduct a foreclosure sale and complied with the requirements of RESPA, and that any technical errors did not cause Weisheit any damages. *Weisheit v. Rosenberg & Assocs., LLC*, Civ. No. JKB-17-0823, 2019 WL 3208661, at *9–12 (D. Md. July 16, 2019). Accordingly, the Court found that Weisheit did not establish a basis for liability against Bayview under Counts I and III. *Id.* at *11–12. Because the claims in Count II were premised on liability under Count I, the Court also granted summary judgment in favor of Bayview on Count II. *Id.* at *11.

## *II.    Standard*

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a

genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). Still, the opposing party must present those facts and cannot rest on denials. The opposing party must set forth specific facts, either by affidavit or other evidentiary showing, demonstrating a genuine dispute for trial. Fed. R. Civ. P. 56(c)(1). Furthermore, the opposing party must set forth more than a "mere . . . scintilla of evidence in support of [his] position." *Anderson*, 477 U.S. at 252.

## III. Analysis[1]

In Count II, Weisheit alleges that Rosenberg materially violated 15 U.S.C.A § 1692e "[b]y scheduling and advertising foreclosure sales of the Plaintiffs' property . . . when those sales cannot be held in violation of (i) 12 U.S.C.A. § 2605 and 12 C.F.R. § 1024.41, and/or (ii) the terms of the deed of trust." (2nd Am. Compl. ¶ 81.) Weisheit also alleges that these actions "constitute materially unfair or deceptive practices in violation of 15 U.S.C.A. § 1692f." (*Id.* ¶ 82.)

In its Memorandum Opinion granting Bayview's motion for summary judgment, this Court concluded, "[b]ecause Weisheit rests the validity of Count II upon the validity of her claims in Count I, and because the Court has concluded the evidence does not support her claims in Count I, the Court likewise concludes that Bayview is entitled to judgment on Count II." *Weisheit*, 2019 WL 3208661, at *11. Weisheit expressly agrees with this conclusion, stating in her opposition to Rosenberg's motion for summary judgment that she "agrees that the viability of her claims against Rosenberg in Count II are contingent upon the viability of her claims against Bayview in Count

---

[1] The Court expressly incorporates the reasoning and analysis provided in its prior Memorandum Opinion. *See Weisheit*, 2019 WL 3208661.

3

I." (Opp'n M.S.J. at 1, ECF No. 115.) Because this Court has already concluded that there is no genuine dispute of material fact regarding Weisheit's claims against Bayview in Count I—and that these claims fail—there is no genuine dispute of material fact that Weisheit's claims against Rosenberg in Count II also fail.

## IV. Conclusion

For the foregoing reasons, an Order shall enter granting Rosenberg's motion for summary judgment.

DATED this 29 day of January, 2020.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge